IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3021 |
| vs. | TENTATIVE FINDINGS |
| SERGIO DELATORRE-VASQUEZ, | |
| Defendant. | |

The Court has received the modified/expedited presentence investigation report in this case. There are no motions for departure or variance. The defendant has filed a sentencing statement (filing 27) in which he objects to the presentence report, and a separate motion for credit for time spent in detention (filing 28).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected (filing 27) to the presentence report's assessment of three criminal history points for a 1990 drug conviction. The issue is the "commencement of the instant offense" for purposes of the 15-year look-back criminal history period. *See* U.S.S.G. § 4A1.2(e)(1). The defendant was released from incarceration in 1995, and according to the presentence report commenced the instant offense in 1998, resulting in the assessment of criminal history points. The defendant, however, asserts that he left the country and returned in 2011 before being

found here in 2012—so, he argues, he commenced the instant offense in 2011, more than 15 years after his 1995 release.

The defendant is correct that an illegal reentry, in violation of 8 U.S.C. § 1326(a), begins on the date of reentry. *United States v. Delgado-Hernandez*, 646 F.3d 562, 567 (8th Cir. 2011). And he is also correct that his relevant conduct is calculated from the date of his *last* reentry, immediately preceding his being found in the United States. *Id.* "If [he] had previously entered and then left the country, he avoided prosecution for that distinct offense when he left." *Id.* (quotation omitted).

But the defendant must present evidence or testimony suggesting that he did, in fact, leave the United States and illegally reenter sometime after 1998. *Id.* As a general matter, it is the government's burden to show whatever facts are needed to justify the assessment of criminal history points. *See*, *United States v. Randall*, 472 F.3d 763, 766 (10th Cir. 2006); *United States v. DiPina*, 178 F.3d 68, 75 (1st Cir. 1999); *cf.*, *United States v. Stapleton*, 316 F.3d 754, 756 (8th Cir. 2003); *United States v. Early*, 77 F.3d 242, 245 (8th Cir. 1996). But it does not appear to be disputed that the defendant did illegally reenter the United States in 1998. Rather, the question is whether he left again, and returned again, after that: and the defendant must present evidence to support that contention. *See Delgado-Hernandez*, 646 F.3d at 567. Accordingly, the Court will resolve this issue on the evidence presented at sentencing.

3.  The defendant has also filed a motion for credit for time spent in ICE custody, or the custody of Lancaster County pursuant to an ICE detainer. Filing 28. And, he argues, he spent several months in detention as a result of bureaucratic confusion. *See* filing 29.

    As counsel is no doubt aware, the Court may not award credit at sentencing for time served: only the Bureau of Prisons may do that. *See*, 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 332-35 (1992). Accordingly, the Court's tentative conclusion is that the defendant's motion for "credit against his sentence," filing 29 at 4, must be denied. The Court will, however, consider the circumstances of the defendant's detention when crafting an appropriate sentence pursuant to § 3553(a).

4.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings

should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 2nd day of August, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge